IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION ) CIVIL ACTION NO. 4:10-CV-70
) Collier/Lee
Plaintiff, )
)
v. ) COMPLAINT
)
SANTOS MACIAS d/b/a )
RAFAEL'S ITALIAN RESTAURANT, ) JURY TRIAL DEMAND
RAFAEL'S ITALIAN RESTAURANT #3 )
RAFAEL'S ITALIAN RESTAURANT #10 )
RAFEAL'S ITALIAN RESTAURANT, )
RAPHAEL'S ITALIAN RESTAURANT, )
RAFAEL'S ITALIAN PIZZERIA & )
ITALIAN RESTAURANT )
)
Defendant.

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Tara Geving and other female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7-10(c) below, Plaintiff Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Employer subjected these women to unlawful sexual harassment. In addition, the Commission alleges that Defendant Employer constructively discharged Ms. Geving.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Winchester Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ( the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f)1 and (3).

4. At all relevant times, Defendant, Santos Macias d/b/a Rafael's Italian Restaurant, Raphael's Italian Restaurant, Rafeal's Italian Restaurant, Rafael's Pizzeria & Italian Restaurant ( the "Employer"), has continuously been doing business in the State of Tennessee and in the cities of Tullahoma, Winchester, and Manchester and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b),(g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tara Geving filed a charge of discrimination alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately October 2008, Defendant Employer has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) §2000e-3a.

8. The unlawful employment practices involved subjecting Tara Geving to sexual harassment because of her sex, female.

   a. Tara Geving was employed by Defendant employer as a cashier around June 2009.

   b. Ms. Geving was subjected to unwelcome sexual harassment by male co-workers.

   c. Almost immediately, Ms. Geving was subjected to unwelcome sexual comments by a male co-worker.

   d. On more than one occasion the male co-worker pretended to fall and grabbed Ms. Geving's breasts with both hands.

   e. On more than one occasion the male co-worker attempted to shove a cucumber up Ms. Geving's butt in front of other male employees.

   f. Ms. Geving complained to management about the alleged sexual harassment.

   g. Defendant Employer did not take appropriate remedial action to stop the harassment after Ms. Geving complained.

   h. The unwelcome sexual conduct was sufficiently severe or pervasive to alter the terms and conditions of Ms. Geving's employment and create an abusive working environment.

   i. The effect of the practices complained of in paragraphs 8(a)-(h) above has been to deprive Ms. Geving of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practice involved subjecting women as a class to sexual harassment because of their sex, female, during the same relevant time period as the events alleged above.

a. Other female employees maintain that male employees subjected females as a class to sexual harassment during the same relevant time period.

b. The allegations include, among other things, that male co-workers shoved carrots and cucumbers into the butts and between the legs of female employees, that male co-workers carved meat into the shape of female genitalia and shoved their fingers inside while making moaning noises, that male co-workers made sexual comments and gestures, and that male co-workers cornered female employees in the freezer to rub and grope the female employees all over their bodies.

c. The females complained to Defendant Employer's management about the alleged sexual harassment by male co-workers.

d. The unwelcome sexual conduct was sufficiently pervasive and severe to alter the terms and conditions of other females' employment and create an abusive working environment.

e. Defendant Employer did not take effective and prompt action to stop the harassment.

f. The effect of the practices complained of in paragraphs 9(a)-9(e) above has been to deprive females as a class of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

10. The unlawful employment practice involved subjecting Ms. Geving to constructive discharge because of sexual harassment.

   a. After Ms.Geving reported the alleged sexual harassment, the Commission alleges that Defendant Employer failed to take prompt and effective action.

      b. Ms. Geving continued to be sexually harassed and physically touched by the male co-worker. Ms. Geving was forced to quit her employment.

      c. The effect of practices complained of in 10(a)-10(b) above has been to deprive Ms. Geving of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex.

11. Since at least August 2008, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

12. The unlawful employment practices complained of in paragraph 7-10(c) were intentional.

13. The unlawful employment practices complained of in paragraph 7-10(c) were done with malice and/or reckless indifference to the federally protected rights of Ms. Geving and female employees as a class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer and its officers, agents, servants, employees, attorneys, and all persons in active convert or participation with them from engaging in any employment practice which discriminates against employees because of their sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Tara Geving and other affected women by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, expungement of records, and reinstating all benefits to which the class members would be entitled

D. Order Defendant Employer to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

E. Order Defendant Employer to make whole Tara Geving and other women by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7-10(c) above including job search expenses amounts to be determined at trial.

F. Order Defendant Employer to make whole Tara Geving and other women by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7-10(c) above, including emotional pain, suffering, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

G. Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraph 7-10(c) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Faye A. Williams*

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

*/s/ Deidre Smith*

DEIDRE SMITH
Supervisory Trial Attorney
TN Bar No. 018499

*/s/ Kimberly Frayne*

KIMBERLY FRAYNE
Trial Attorney
TN Bar No. 028767

Equal Employment Opportunity Commission
1407 Union Ave., Suite 901
Memphis, Tennessee 38104
Phone: 544-0140
Fax: 544-0111
kimberly.frayne@eeoc.gov