IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) )   CIVIL ACTION NO. |
| | ) 4:10-CV-00070 |
| Plaintiff, | ) |
| | ) |
| | ) Judge Mattice |
| v. | ) Magistrate Judge Lee |
| | ) |
| SANTOS MACIAS d/b/a | ) |
| RAFAEL'S ITALIAN RESTAURANT, | ) |
| RAFAEL'S ITALIAN RESTAURANT #3 | ) JURY DEMAND |
| RAFAEL'S ITALIAN RESTAURANT #10 | ) |
| RAFEAL'S ITALIAN RESTAURANT, | ) |
| RAPHAEL'S ITALIAN RESTAURANT, | ) |
| RAFAEL'S ITALIAN PIZZERIA & | ) |
| ITALIAN RESTAURANT, | ) |
| | ) |
| Defendant. | ) |

## CONSENT DECREE

### INTRODUCTION

Plaintiff, Equal Employment Opportunity Commission (EEOC or the Commission) and Defendant, Santos Macias d/b/a Rafael's Italian Restaurant, Rafael's Italian Restaurant #3, Rafael's Italian Restaurant #10, Rafael's Italian Restaurant, Raphael's Italian Restaurant, and Rafael's Italian Pizzeria & Italian Restaurant ("Defendant") enter into this Consent Decree ("Decree") to resolve this case.

The Commission brought this civil action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, to remedy unlawful employment practices alleged in the Complaint filed on September 30, 2010. According to the Complaint, Defendant

subjected various class members to sexual harassment and ignored complaints of sexual harassment by various class members.

Defendant denies the allegations in the Commission's Complaint. Rather than litigate these issues, the Commission and Defendant have proposed this Decree to settle all of the claims involved in this action. The parties seek to avoid the additional expense and delay of further litigation.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters contained in this Decree. No waiver, modification or amendment of any provision of this Decree shall be effective unless executed in writing. The parties have not made any representations or inducements to compromise this action other than those representations or inducements contained or referenced in this Decree. In the event the Court does not approve this Decree, the parties agree not to admit it in evidence in any subsequent proceeding in this lawsuit.

## FINDINGS

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds:

    a.    This Court has jurisdiction of the subject matter of this action and the parties.

    b.    The terms of this Decree are fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant, and the public interest.

2
Case 4:10-cv-00070-HSM-SKL   Document 32   Filed 01/17/12   Page 2 of 15   PageID #: 150

c. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person. Entry of this Decree furthers the objectives of Title VII and appears to be in the best interests of the public.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

### I. JURISDICTION

1. The United States District Court for the Eastern District of Tennessee, Winchester Division, has jurisdiction over the parties and the subject matter of this litigation.

2. No party shall contest jurisdiction of this Court to enforce this Decree or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

### II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's complaint in this case, Civil Action No. 4:10-CV-00070, alleging sexual harassment by Defendant based on Charge No. 494-2009-02094, filed by Tara Geving. This Decree resolves only Charge No. 494-2009-02094.

4. Upon the date the Court enters this Decree, the provisions of the Decree become effective immediately and shall bind the parties for two years thereafter.

### III. INJUNCTIVE RELIEF

5. Defendant, its officers, agents, employees, and all persons acting in concert with Defendant are enjoined from subjecting employees to a sexually hostile work environment.

3
Case 4:10-cv-00070-HSM-SKL   Document 32   Filed 01/17/12   Page 3 of 15   PageID #: 151

6.  Defendant, its officers, agents, employees, and all persons acting in concert with Defendant are enjoined from retaliating against any employee who complains of sexual harassment or who protests the action or inaction of Defendant in responding to complaints of sexual harassment.

## IV. POLICIES AND PROCEDURES

7.  Defendant shall develop, maintain, and communicate to its employees a written Anti-Discrimination Policy (the "Policy") that details Defendant's prohibition of discrimination in the workplace, specifically noting that sexual harassment will not be tolerated. The Policy will specifically state that Defendant does not tolerate discrimination based on sex, including sexual harassment, and employees who complain about discrimination in the workplace are protected against retaliation.

8.  Defendant will include in its Policy a detailed definition of sex discrimination, including an in-depth description of what constitutes sexual harassment in the workplace.

9.  Defendant will include in its Policy detailed instructions related to identifying, reporting, investigating, and remedying incidents of discrimination in the workplace. The Policy shall include telephone numbers and job titles of company personnel to whom complaints of discrimination may be made. The Policy shall provide an alternate person to receive a complaint of discrimination or retaliation whenever any person to whom an employee would normally report is involved in the discrimination or retaliation that is at issue in the complaint.

10. The Policy will require that in investigating and imposing any discipline, Defendant will make all attempts to preserve confidentiality. The Policy will further

require that any adverse treatment of an employee for reporting discrimination, for assisting another employee in making a report, for cooperating in a discrimination investigation, or for filing a charge of discrimination with the Commission or a state governmental agency is strictly forbidden.

11. Defendant will incorporate the Policy into its Employee Handbook and shall distribute a copy of the Policy to all current and new employees, including individuals employed through staffing agencies. Defendant will require all current and new employees to sign an acknowledgement of receipt of the Policy.

12. Defendant will conduct exit interviews with all employees who leave employment with Defendant. During the exit interviews, Defendant will obtain written statements from out-going employees regarding any incidents, if any, of sexual harassment or retaliation.

## V. TRAINING

13. Defendant will provide sexual harassment awareness training to all hourly, supervisory and management personnel at its stores, restaurants or other workplaces according to the following terms:

(a) Defendant will retain an outside trainer to conduct the training of Defendant's management and employees in the recognition of sexual harassment, the appropriate responses to complaints of sexual harassment, and the appropriate remedies for complaints of sexual harassment. Such training shall include the attendance of Santos Macias.

(b) Defendant shall select an outside trainer to design the training. The trainer shall have a minimum of seven years experience in labor and ernployment law.

(c) Defendant shall conduct the required training session in accordance with the schedule created by the outside trainer.

(d) Defendant shall require all attendees to sign and date an attendance form.

(e) The outside trainer shall administer a test to Santos Macias. The outside trainer shall create the test to cover the issues and best practices regarding sexual harassment discussed in the training designed by the outside trainer. After completion of the test, the trainer will review the test results with Santos Macias to ensure that he understands his obligations under Title VII with regard to sexual harassment.

(f) Defendant shall send any completed forms required by (d) and (e), above, to the Commission at the address below.

(g) Defendant will conduct the sexual harassment training within 120 days of entry of this Decree.

(h) At least two weeks before the training session, Defendant shall notify the Commission of the date and location of the training and provide a description of the training materials that Defendant intends to use.

## VI. INDIVIDUAL RELIEF

14. In compromise and settlement of these disputed claims, Defendant agrees to pay $25,000 in compensatory damages to members of the class harmed by Defendant's discriminatory practices, in accordance with the terms of the Promissory Note attached hereto as Exhibit A. The Commission will provide instructions on how to allocate and distribute this settlement amount within 5 business days of entry of this Decree.

15. Defendant will issue 1099 forms for the amount of the settlement designated as interest and non-pecuniary compensatory damages and shall designate that the amount was issued as damages and interest.

16. Within 60 days of the entry of this Decree, Defendant shall separately mail checks, via certified mail, to each class member at the addresses to be provided by the Commission. Concurrently, copies of the checks and related documents will be mailed to the Commission at the address below.

17. Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

18. Defendant shall supply a neutral reference in response to any employment inquiries or reference checks regarding the class members. No mention of the Commission's charge of discrimination or this action will be made as part of the neutral reference. The neutral reference shall be in the form and manner as attached at Exhibit B. This provision shall remain in force as long as the class members continue to use Defendant as a reference and is not limited to the duration of this Decree.

## VII. RECORDKEEPING AND REPORTING PROVISIONS

19. Defendant will maintain records of any complaints of sexual harassment involving any of its employees, supervisors, or owners. These records must include the names, addresses, telephone numbers and social security numbers of each employee making a complaint. These records must also contain the date of the report or complaint, a detailed description of the allegations made, the names of any witnesses, the name and position of the alleged bad actor, and what actions, if any, Defendant took to resolve the complaint.

20. Defendant shall provide two reports during the term of this agreement to the Commission. Defendant shall submit the first report 12 months after entry of the Decree and the second report within 22 months after entry of the Decree.

21. Each report shall describe all complaints of sexual harassment at Defendant's stores, restaurants or workplaces, describe the remedy or remedies offered to the employee or, if no remedy was offered, describe the reason for not offering a remedy. Each report shall contain copies of all exit interviews obtain in accordance with paragraph 12 above. Each report will describe Defendant's training of operating managers, general managers, assistant managers and hourly employees in the requirements of Title VII of the Civil Rights Act of 1964, as amended, as required by its outside trainer. Each report shall include a certification by Defendant that the notice required to be posted by paragraph 23 of this Decree remained posted from the entry of the Decree until the date of the report. Defendant will send each report to the Commission at the address below.

## VIII. MONITORING

22. The Commission shall have the right to monitor and review compliance with this Decree. Defendant will cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to: (1) attend training sessions required by this Decree; (2) review any and all documents required by this Decree; (3) interview employees and management (in the presence of Defendant's counsel) related to the requirements of this Decree; and (4) inspect Defendant's premises upon five business days prior notice to Defendant.

## IX. NOTICE

23. Defendant shall post conspicuously at all of its stores, restaurants and workplaces the notice (poster) required by Title VII. In addition, Defendant shall post at all of its stores, restaurants and workplaces, in a location conspicuous and accessible to all applicants and employees, the Notice attached to this Decree as Exhibit C, for a period of four years commencing within ten days after entry of this Decree by the Court.

24. Defendant shall distribute a copy of this Decree to all employees in management or supervisory positions.

## X. NOTIFICATION OF SUCCESSORS

25. Prior to any assignment, succession, acquisition, merger, or consolidation affecting Defendant, Defendant shall provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, any other corporation or other entity that acquires Defendant, and any other corporation or other entity into which Defendant may merge, or with which Defendant may consolidate. The successors, assigns, acquiring entities, and any surviving entities upon merger or consolidation shall be fully liable for complying with the terms of the Decree.

## XI. ENFORCEMENT

26. If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under the Decree. The Commission will provide written notice to Russell Leonard, counsel for Defendant, of any deficiency in complying with the terms of the Decree and provide a period of 21 days to resolve such deficiencies. If the parties are unable to reach agreement regarding resolution of any

such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

### XII. MISCELLANEOUS PROVISIONS

27. Each party to this Decree shall bear its own costs, attorney fees, and expenses in this lawsuit.

28. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

29. When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury.

30. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will be mailed to: Rafael's Title VII Settlement, Equal Employment Opportunity Commission, c/o Matthew H. McCoy, 1407 Union Ave., Suite 901, Memphis, TN 38104.

IT IS SO ORDERED THIS 17TH DAY OF January 2012

_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

| FOR SANTOS MACIAS: | FOR THE COMMISSION: |
|---|---|
| | P. DAVID LOPEZ<br>General Counsel |
| s/ Russell L. Leonard (w/permission MHM)<br>RUSSELL L. LEONARD<br>BPR # 014191<br>Attorney at Law | JAMES L. LEE<br>Deputy General Counsel |
| | GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>Washington, D.C. |
| 315 North High Street<br>Winchester, TN 37398<br>(931) 962-0447 | |
| Attorney for the Defendant | s/ Faye A. Williams (w/permission MHM)<br>FAYE A. WILLIAMS<br>Regional Attorney<br>TN Bar No. 11730 |
| | s/ Matthew H. McCoy<br>MATTHEW H. McCOY<br>Trial Attorney<br>IN Bar No. 29368-49 |
| | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>1407 Union Ave., Suite 901<br>Memphis, TN 38104<br>(901) 544-0070 |
| | s/ Mark Chen (w/permission MHM)<br>MARK CHEN<br>Senior Trial Attorney<br>TN Bar No. 14268 |
| | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>220 Athens Way, Suite 350<br>Nashville, TN 37228<br>(615) 736-5784 |

EXHIBIT A

**PROMISSORY NOTE**

To evidence the agreement of the undersigned as to payments required of it in settlement of the case of Equal Employment Opportunity Commission v. Santos Macias d/b/a Rafael's Italian Restaurant, Rafael's Italian Restaurant #3, Rafael's Italian Restaurant #10, Rafael's Italian Restaurant, Raphael's Italian Restaurant, and Rafael's Italian Pizzeria & Italian Restaurant (United States District Court for the Eastern District of Tennessee, Winchester Division, Civil Action No. 4:10-CV-00070), the undersigned promises to pay a total of $25,000 as follows:

On or before 60 days of the entry of the Consent Decree, the undersigned will make payment of $25,000 in compensatory damages. Such amount is to be allocated according to the terms to be identified by the Equal Employment Opportunity Commission.

The undersigned may make a full or partial prepayment of the principal of this Note at any time and from time to time, without penalty or charge. Any such prepayment shall not alter the amount due or the due date hereunder unless the holder hereof agrees in writing to any such changes.

In the event there is a default in any of the payments in accordance with the terms of this Note, or upon failure of the undersigned to keep and perform all the covenant, promises, agreements, conditions and provisions of this Note, or if any obligor herein makes a general assignment for the benefit of creditor, or files a voluntary petition in bankruptcy or a petition for reorganization under the bankruptcy laws or if a petition in bankruptcy is filed against any obligor; or should any levy, attachment or garnishment be issued, or any lien filed against the property of any obligor and not be satisfied or released, the entire unpaid principal sum evidenced by this Note shall, at the option of the holder, without notice, become due and payable forthwith, and shall thereafter bear interest until paid at the highest rate of interest permitted by law. Failure of the holder to exercise the right of accelerating the maturity of the debt, or indulgence granted from time to time shall in no event be considered as a waiver of said right of acceleration or stop the holder from exercising said right.

All persons or corporations now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced for themselves, their heirs, legal representatives and assigns, waive demand, presentment for payment, notice of dishonor protest, notice of protest, and diligence in collection and all other notices or demands whatsoever with respect to this Note or the enforcement hereof, and consent that the time of said payments or any part thereof may be extended by the holder hereof and assent to any substitution, exchange, or release of collateral permitted by the holder hereof, all without modifying, altering, releasing, affecting or limiting their respective liability.

The term obligor, as used in this Note, shall mean all parties, and each of them directly or indirectly obligated for the indebtedness that this Note, whether as principal, maker, endorser, surety, guarantor or otherwise.

It is expressly understood and agreed by all parties, including obligors, that if it is necessary to enforce payment of this Note through an attorney or by suit, the undersigned or any obligors shall pay reasonable attorney's fees and all costs of collection.

IN WITNESS WHEREOF, this Promissory Note has been signed and executed by the undersigned on the __Q1__ day of __ꟾ DEC__, 2011.

By: _Santos Macias_
Santos Macias

# EXHIBIT B

## NEUTRAL REFERENCE

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of _____ while employed by Rafael's. Company policy provides that only dates of employment and position held can be provided in response to any employment inquiry.

We confirm that _____'s employment began on _____ and she was last employed by Rafael's on _____ in the position of _____. I am confident that _____ can provide you with additional details concerning her tenure.

I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,


Santos Macias
Owner
Rafael's

EXHIBIT C

## NOTICE TO ALL EMPLOYEES

1. This Notice to all employees of Santo Macias is being posted as part of the remedy agreed between Mr. Macias ("Defendant") and the Equal Employment Opportunity Commission to settle complaints of sexual harassment. Defendant does not admit that it subjected any employee to sexual harassment or that it ignored complaints by his employees of sexual harassment, but agrees that no employee should be subject to sexual harassment or retaliation. Defendant has an employee handbook that includes instructions for complaining of sexual harassment; for responding and recognizing sexual harassment; and for providing remedies for sexual harassment.

2. Sexual harassment is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on sex (gender), as well as religion, race, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is also a violation of Title VII to retaliate against an employee because he or she has opposed practices made unlawful under Title VII or because he or she filed a charge or participated in any manner in an investigation.

3. Defendant does not tolerate or condone sexual harassment. Sexual harassment is a violation of company policy as well as federal law. Violation of this policy by anyone employed by Defendant will result in disciplinary action up to and including termination.

4. This notice must remain posted for four years from the date below and must not be altered, defaced, or covered by any other materials. Any questions about this Notice or compliance with its terms may be directed to _____.

5. If you believe you have been discriminated against, you have the right to seek assistance from:

    Equal Employment Opportunity Commission, Nashville Area Office
    220 Athens Way, Suite 350
    Nashville, Tennessee
    Telephone: (615) 736-5820
    Website: www.eeoc.gov

_____   _____
Date                     Name, Title

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**